IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO.   3:16-CR-0239-L |
| MATTHEW D. RING | |

PLEA AGREEMENT

Defendant, Matthew D. Ring (Ring), his attorney, John M. Nicholson, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Ring understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:   Ring waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 248(a)(3) and (b)(1), that is, Damaging Property of a Reproductive Health Services Facility (Class A Misdemeanor).   Ring understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The minimum and maximum penalties the Court can impose include:

    a. imprisonment for a period not more than one year;

    b. a fine not to exceed $100,000.00, or twice the pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not more than one year, which may follow any term of imprisonment. If Ring violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $25;

    e. restitution to victims or to the community, which is mandatory under the law, and which Ring agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** Ring understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines ("Guidelines"). The Guidelines are not binding on the Court, but are advisory only. Ring has reviewed the Guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case. Ring will not be allowed to withdraw his plea if his sentence is higher than expected. Ring fully understands that the actual sentence imposed (so long it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Ring agrees to pay to the U.S. District Clerk the amount of $25, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Ring shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Ring shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Ring expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Ring fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Ring agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Ring's full and immediately enforceable financial obligation. Ring understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Government's agreement**: The government will not bring any additional charges against Ring based upon the conduct underlying and related to Ring's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending Information. The government recommends a sentence of probation. Ring understands, however, that this is a recommendation only and, as such, it is not binding

on the Court. Further, Ring understands that if the Court does not accept this recommendation, he has no right to withdraw his guilty plea. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Ring or any property.

8. **Forfeiture**: Ring agrees not to contest, challenge, or appeal in any way the administrative or judicial criminal forfeiture to the United States of any property noted as subject to forfeiture in the Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Ring consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Ring agrees to provide truthful information and evidence necessary for the government to forfeit such property. Ring agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9. **Violation of agreement**: Ring understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Ring for all offenses of

**Plea Agreement - Page 4**

which it has knowledge.   In such event, Ring waives any objections based upon delay in prosecution.   If his plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Ring also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentences the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Ring waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.   He further waives his right to contest his conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   Ring, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: Ring has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Ring has received from his lawyer satisfactory explanations concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and

the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Ring has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 12th day of August, 2016.

MATTHEW D. RING
Defendant

JOHN M. NICHOLSON
Attorney for Defendant

JOHN R. PARKER
UNITED STATES ATTORNEY

LISA J. DUNN
Assistant United States Attorney
Oklahoma Bar No. 16795
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Tel: 214-659-8600
Fax: 214-659-8809
Email: Lisa.Miller@usdoj.gov

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

MATTHEW D. RING
Defendant

Date: 8-12-16

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

JOHN M. NICHOLSON
Attorney for Defendant

Date: 8-12-16